TOMMY G. THOMPSON, Governor State of Wisconsin
You request my opinion on two questions regarding the disposition of human corpses under chapters 69, 157 and 979, Stats. First, you ask whether university medical schools may obtain corpses for scientific study without obtaining a cremation permit from a coroner. Second, you ask whether following the procedures and requirements of chapters 69 and 157 is an alternative to the coroner's cremation permit under chapter 979. I will address your second question first, since the answer to this broader inquiry will provide some of the legal background necessary to answer your first question.
For the reasons stated below, it is my opinion that when a corpse is to be disposed of by cremation, the requirements of chapters 69 and 157 do not provide an alternative to the coroner's cremation permit under chapter 979. In my opinion, a person cannot cremate a corpse in Wisconsin without first obtaining a cremation permit from a coroner or medical examiner pursuant to section 979.10(1)(a)
The pertinent portion of section 979.10(1)(a), as amended by 1985 Wisconsin Act 315, section 18, states:
 No person may cremate a corpse unless the person has received a cremation permit from:
 1. The coroner or medical examiner in the county where the death occurred if the death occurred in this state;
 2. The coroner or medical examiner in the county where the event which caused the death occurred if the death occurred in this state and if the death is the subject of an investigation under s. 979.01; or *Page 219 
 3. The coroner or medical examiner of the county where the corpse is to be cremated if the death occurred outside this state. A cremation permit issued under this subdivision may not be used in any county except the county in which the cremation permit is issued.
The language in section 979.10(1)(a) is clear and unambiguous in prohibiting cremation of a corpse without first obtaining a cremation permit. In addition, the legislative drafting records for 1985 Assembly Bill 427, which was passed into law as 1985 Wisconsin Act 315 amending section 979.10, show that the Legislature intended that no one be allowed to cremate a corpse without a coroner's cremation permit. Section 979.10(1), Stats. (1983-84), was ambiguous in that it appeared to set forth different requirements depending upon whether the death occurred in Wisconsin or out-of-state. The purpose of 1985 Wisconsin Act 315, section 18, was to clarify this ambiguity by setting forth the uniform requirement that every person obtain a cremation permit from a coroner before cremating a corpse in Wisconsin.
Because section 979.10(1)(a) expressly requires a coroner's cremation permit for every cremation with no exceptions, it is my opinion that chapters 69 and 157 cannot be construed to provide an alternative to this requirement.
Chapter 69, Collection of Statistics, does not address the actual physical disposition of corpses by cremation or otherwise. Section 69.18, concerning death records, imposes requirements for being allowed to move a corpse for the purpose of final disposition, filing death certificates, obtaining medical certifications and completing final disposition reports. Because it does not set forth any rules for physically disposing of the corpse, section 69.18 does not conflict with, nor provide an alternative to, section 979.10(1)(a). The coroner's cremation permit is a distinct requirement independent of chapter 69.
Also relevant is the fact that the entire vital statistics portion of chapter 69, including death records, was substantially modified by 1985 Wisconsin Act 315; the same act that amended section 979.10(1). Since the amendments to chapters 69 and 979 were made in the same act, it is more reasonable to construe them to coincide with each other. *Page 220 
While the substantive coverage of chapter 157, Disposition of Human Remains, does overlap to some degree with that of section979.10, it is my opinion that chapter 157 should not be interpreted as an alternative to the explicit cremation requirements of section 979.10.
Section 157.01 grants to the Department of Health and Social Services the power to make rules, not inconsistent with chapter 445, Funeral Directors, covering sanitary and health concerns in the preparation, transportation and disposition of dead human bodies. The department has promulgated rules in Wisconsin Administrative Code chapter HSS 135 (1988), Dead Human Bodies, pursuant to this statutory authority.
The administrative rule which could possibly be construed as an alternative to section 979.10 is Wisconsin Administrative Code section HSS 135.05(1)(b) (1988). This rule states that an official burial permit issued by the county register of deeds, city health officer or village clerk serves as authorization for the burial or other disposition of a corpse. Since "disposition" in Wisconsin Administrative Code section HSS 135.02(6) (1988) includes cremation, this chapter of the code could be read to mean that a burial permit is a legal alternative to a coroner's cremation permit. In my opinion, however, such an interpretation of Wisconsin Administrative Code section HSS 135.05 (1988) would not provide an alternative to chapter 979, but rather, would render the rule invalid.
There are several reasons why Wisconsin Administrative Code section HSS 135.05 (1988) cannot be interpreted as a valid alternative to the absolute language of section 979.10(1)(a). First, the rule would be invalid for conflicting with section979.10. No administrative agency "may promulgate a rule which conflicts with a state law." Sec. 227.10(2), Stats. In addition, the rule would be invalid for conflicting with section 445.16, which states that no provision of chapter 445 shall apply to or interfere with the duties of an officer of a public institution. The duties of a coroner as an officer of county government include making a careful personal inquiry into the cause of death of any corpse which is to be cremated to determine whether an autopsy is necessary, and if an autopsy is not necessary, to certify that fact. Sec. 979.10(2), Stats. Therefore, Wisconsin Administrative Code section HSS 135.05 (1988) may not be interpreted to affect these duties in any way since section157.01 prohibits it from being inconsistent with chapter 445. Thus, even if *Page 221 
the language of Wisconsin Administrative Code section HSS 135.05 (1988) was interpreted to mean that a burial permit could be used as an alternative to a cremation permit, the rule would be invalid for conflicting with sections 979.10 and 445.16.
The only other sections in chapter 157 which might possibly be considered alternatives to chapter 979 are sections 157.02 and157.06. Section 157.02 allows schools to receive unclaimed corpses for anatomical study, while section 157.06 allows schools to receive donated corpses for the same purpose. Neither statute makes any provisions for the actual disposal of the corpses when the research is completed. Therefore, they cannot be alternatives to the cremation permit requirement. Section 979.10 is simply an additional requirement for schools receiving corpses under sections 157.02 and 157.06.
Furthermore, section 157.06(7)(d) states that section 157.06 is subject to the powers and duties of the coroner with respect to autopsies under chapter 979. Since section 979.10(2) requires a coroner to make a careful personal inquiry into the cause of death of every corpse before it is cremated to determine whether an autopsy is necessary, section 157.06 cannot interfere with these duties.
In concluding my answer to this question, I would point out that even if chapters 69 and 157 were construed as providing requirements for the physical disposal of corpses by cremation without violating other statutory provisions, accepted rules of statutory construction would negate them from being alternatives to the coroner's cremation permit in chapter 979. Because statutes relating to the same subject matter should be harmonized if possible, City of Madison v. Hyland, Hall Co.,73 Wis.2d 364, 370, 243 N.W.2d 422 (1976), chapters 69 and 157 would be interpreted in a manner such that they would not conflict with, if possible, the cremation permit requirement in section 979.10. In addition, since the specific statute controls when a specific statute and a general statute relate to the same subject matter,Kramer v. Hayward, 57 Wis.2d 302, 311, 203 N.W.2d 871 (1973), the explicit requirement in section 979.10 of a coroner's permit for all cremations would take precedent over the more general death provisions in chapters 69 and 157 if they were read as valid alternatives to section 979.10. *Page 222 
Moving to your first question, it is my opinion that university medical schools may obtain corpses for scientific study without obtaining a cremation permit from a coroner. The language of section 979.10(1)(a) only requires that a person get a coroner's cremation permit before actually cremating the corpse. Thus, university medical schools may use corpses for scientific study without obtaining a coroner's cremation permit. However, as explained in the answer to your other question, whoever received the corpse from the university for cremation would be required under section 979.10 to obtain a coroner's cremation permit before cremating the corpse upon completion of the research if that were to be the method of disposition.
The legislative intent behind this distinction between receiving the corpse for future cremation and actually cremating the corpse is demonstrated by Assembly Amendment 1, Number 31 to 1985 Assembly Bill 427. This amendment specifically deleted a provision in section 979.10(1)(a) which required a coroner's cremation permit before receiving a corpse for cremation. Correspondence in the drafting records indicates that the Wisconsin Funeral Directors Association requested this amendment for the benefit of its members since they frequently found it difficult to acquire the cremation permit before receiving the corpse.
To summarize, chapter 979 requires that anyone cremating a corpse first obtain a coroner's cremation permit. Chapters 69 and 157 do not provide an alternative to this requirement. University medical schools, or anyone else qualified to receive a corpse, do not have to obtain a cremation permit before receiving a corpse. Section 979.10(1)(a) only requires that the permit be obtained before cremating the corpse.
DJH:WHW:CS *Page 223